## JACOBS *versus* BENSON.

*Parol* evidence is admissible to correct an error in the name of the payee of a written order, where it is so connected with the testimony that the real owner may be clearly ascertained.

And that such an order was accepted for the benefit of the plaintiff is proveable by *parol*.

THIS was an action of assumpsit before HOWARD, J., on an order of the following tenor: —

"West Minot, April 10, 1849.

"Mr. W. B. Benson, please to pay Charles B. Jeques, or order, thirty-six dollars cash; charge the same to my account.                   "·James Meaney."

On the back were these words — "Accepted, July 16, 1849. William B. Benson by Geo. Gregg."

The plaintiff, whose name is Charles V. Jacobs, alleged in his writ, that the order was made payable to him by name of Charles B. Jeques.

The drawer was called, who testified to his signature, and that he drew the order on the defendant.

Plaintiff proposed to prove by same witness, that the order was drawn for him as payee and for his benefit, and that when the witness wrote it, he thought it was written in plaintiff's name, and that as it was, it was a mistake; he also offered to show by same witness, that Benson was owing him, (the witness,) at the time the order was drawn; and that he never knew any other person than plaintiff by the name of Chas. B. Jeques. All this was objected to by defendant and excluded by the Court.

The plaintiff then called Geo. Gregg, and offered to prove by him, that he was the clerk and agent of said Benson on July 16, 1849, and that plaintiff then presented the said order to defendant for acceptance, and that he, as such agent, being authorized, accepted the same, and that he knew it was drawn and accepted for the plaintiff's benefit.

This being objected to, was ruled to be inadmissible by the Court.

A nonsuit was then ordered, which was to be taken off and the case to stand for trial, if in the opinion of the whole Court the rulings were erroneous, or the evidence excluded was material and admissible.

*Gerry,* for plaintiff, cited 1 Greenl. Ev. § § 275, 282, 286; *Willis* v. *Barrett,* 2 Stark. R. 29; *Mead* v. *Young,* 4 T. R. 28; *Scanlan* v. *Wright,* 13 Pick. 523; *Hall* v. *Tufts,* 18 Pick. 455; *Johns* v. *Church,* 12 Pick. 557; *Miller* v. *Travers,* 8 Bing. 244.

*Shepley & Dana,* for defendant, cited *Stackpole* v. *Arnold,* 11 Mass. 31; *Wooddam* v. *Hearn,* 7 Ves. 218; Starkie's Ev. vol. 2, 755; Greenl. Ev. 399.

SHEPLEY, C. J. — The suit is upon an order drawn by James Meaney, in favor of Charles B. Jeques, on the defendant, purporting to be accepted for him by Geo. Gregg. The declaration alleges, that the promise was made to the plaintiff by the name of Charles B. Jeques. The case is not one of variance between the contract described in the declaration, and the one produced in evidence, as in the case of *Gordon* v. *Austin*, 4 T. R. 611.

Parol testimony could not be received to vary the contract. It appears to have been offered to prove the allegation contained in the declaration, that the order was drawn in favor of the plaintiff, and that 'the acceptance was made to him.

The general rule of law is, that a mistake made in the name of a grantee, devisee, or promisee, may be corrected by parol testimony. The grant, devise, or contract, is not thereby varied. The only effect is to ascertain the true grantee, devisee, or promisee. Yet there must be something found in the grant, devise, or promise, from which, connected with the parol testimony, the party beneficially entitled is clearly ascertained. Otherwise he might be arbitrarily designated by parol testimony without any written evidence, indicating that any particular person was intended.

A conveyance was made to Eliza Ann Castin, after she had been married more than a year to Thomas Scanlan, and parol testimony was received to correct the error. *Scanlan* v. *Wright*, 13 Pick. 523.

The rules respecting errors in the description of devisees, as well as respecting the description of estates devised, were fully considered in the case of *Miller* v. *Travers*, 8 Bing. 244. It is there said, that parol evidence should be received to correct an error, " where an estate is devised to a person whose surname or christian name is mistaken."

Parol testimony was received to prove that a note payable to Ebenezer Hall, was made to a partnership transacting business under that name. *Hall* v. *Tufts*, 18 Pick. 455.

A note was made to Elizabeth Willison, and an action was brought upon it by Elizabeth Willis. Parol testimony was received to prove that Willison was inserted by mistake for Willis. *Willis* v. *Barrett*, 2 Stark. 29.

Some of the testimony offered was not admissible; but testimony to prove that the order was drawn in favor of the plaintiff, that a mistake was made in writing his name, and that the order was in his hands, and was accepted as due to him, should have been received. *Exceptions sustained and nonsuit taken off.*