CHARLES BOBB, Administrator, Respondent, v. LOUISA. LETCHER, Administratrix, Appellant.

St. Louis Court of Appeals, March 13, 1888.

1. PROMISSORY NOTE—TITLE OF PAYEE.—The possession of a negotiable instrument by the payee thereof or his representative is *prima-facie* evidence of ownership in him, and subsequent endorsements do not displace the presumption thus created.

2. EVIDENCE—ALLOWANCE BY PROBATE COURT.—A memorandum of allowance by the probate court endorsed on a demand against an estate is not evidence of the fact of allowance, or of ownership in the person in whose favor this is expressed to have been made. The probate court-record is the only proper evidence of the allowance, and the memorandum directed by statute is intended to put subsequent purchasers on inquiry.

3. JUDGMENT—PROPER ENTRY.—The preliminary entry of the finding upon which a judgment is based may be subject to criticism, but there will be no error if so much of the entry as announces the judgment which the court in fact renders is correct.

APPEAL from the St. Louis County Circuit Court, HON. WILLIAM W. EDWARDS, Judge.

*Affirmed.*

M. F. TAYLOR, for the appellant: Shall the holder of this paper, disqualified on its face, obtain judgment on it without protection to the opposing party or in any way accounting for the original? *Fitzgerald v. Barker,* 85 Mo. 13. It bears the endorsement of the payee and also a subsequent endorser, and had been allowed in the name of Wolff, who must of necessity have been the holder of it at the time of such allowance. After the allowance in his favor, it ceased to be transferable by mere delivery. In order to pass title, the assignment must, at least, have been made in writing. *Thomas v. Liebke,* 13 Mo. App. 380. The circuit court manifestly erred in entering up a general judgment. At most it could only classify the demand. *Ambs v. Caspari,* 13 Mo. App. 587. Probate courts as to claims of this character are courts of general jurisdiction. *Cooper v. Duncan,* 20 Mo. App. 358. And an allowance made by them has all the force of a judgment. *Wilks v. Murphy,* 19 Mo. App. 221.

JAS. A. HENDERSON, for the respondent: The note was properly admitted in evidence. The respondent being in possession of the note sued on and being the

payee thereof will be presumed rightly in possession
and may recover without proof of ownership. *Wick-
ershaw v. Jarvis*, 2 Mo. App. 279 ; *Glasgow v. Switzer*,
12 Mo. 394. The probate court is a court of record, and
when a demand has been allowed by it " a concise entry
of the order of allowance or finding shall be made on
the record of the court, which shall have the force and
effect of judgment." Rev. Stat., sec. 192. This court,
in *Thomas v. Liebke*, 13 Mo. App. 394, says of this
entry : "The writing on the back of the claim by the
judge of probate is not, however, the judgment entry."

M. KINEALY and JAS. R. KINEALY, also for the
respondent : (1) The fact that the note in this cause
was marked "duplicate," does not require the plaintiff
to produce the original or to account for it before recov-
ering in this suit. *Downes v. Church*, 13 Peters, 205.
(2) Even if we assume, as contended for by appellant,
that the endorsement on the back of the note is evidence
of an allowance of the claim to Wolff, its existence is
no bar to the maintenance of this suit by the adminis-
trator of Julia A. Letcher, the payee, unless it appears
that she or plaintiff, who is her *alter ego*, was a privy
to that judgment. It is *res inter alios acta*. Freeman
on Judgments, secs. 141, 154. There is no evidence or
presumption of privity. *McLemore v. Hawkins*, 46
Miss. 719 ; *Dorn v. Parsons*, 56 Mo. 601. There is no
endorsement by the payee, Julia A. Letcher, in a legal
point of view. 1 Wharton on Evidence, sec. 696 ;
*Whitelock v. Musgrove*, 1 C. and M. ; 4 Wait's Act. and
Def., p. 187, sec. 4. But where does the appellant stand
in face of the fact that the Wolff allowance was set
aside by a judgment completely in her own favor, which
is yet fully and properly before this court, to establish
the fact of that judgment of dismissal ? *Day v. New
Lots*, 9 Cent. Rep. 442 ; *Stilwell v. Carpenter*, 62 N. Y.
639 ; *Rockwell v. Merriom*, 45 N. Y. 168 ; *Bank v.
Enerie*, 2 Sand. [S. C.] 715 ; *Jarvis v. Sewell*, 40 Barb.
449 ; *Catlin v. Grissler*, 57 N. Y. 373 ; *Burt v. Place*,

·4 Wend. 596; *Richie v. Putnam*, 13 Wend. 524; *Dresser v. Brooks*, 2 Barb. 429; *Williams v. Wood*, 14 Wend. 126; *People v. New York*, 7 How. Pr. 81.

THOMPSON, J., delivered the opinion of the court.

The plaintiff, as administrator of Julia A. Letcher, ·deceased, exhibited in the probate court for allowance against the estate of John Letcher, deceased, a promissory note made by John Letcher in his lifetime and payable to the order of Julia A. Letcher. The note was marked across the face "duplicate," and was endorsed as follows:

"Marcus A. W——— demand.

her

"Julia A.   X   Letcher.

mark.

."Phebe Turk.·

"Witness, Julia A. Ashbrook."

It also bore the following endorsement:

"Thirteen hundred and forty-five dollars allowed· this 18th day of January, 1885, in favor of Marcus A. Wolff, against the estate of John Letcher, and placed in the fifth class.

·"$1,345.00.                   GEO. W. BROUSTER,·

"Judge of Probate."

. The probate court allowed it as a demand against the estate of John Letcher and ordered it to be placed in the fifth class. From this order the administrator of John Letcher appealed to the circuit court. On a trial anew in the circuit court, it was admitted that Charles Bobb was the administrator of Julia A. Letcher. Charles Bobb then testified that the note was handed to him by Julia A. Ashbrook, who told him that it belonged to Julia A. Letcher's estate; that the estate of Julia A. Letcher paid Mrs. Ashbrook nothing for it, but that it was simply turned over to the witness, who inventoried it as the property of Julia A. Letcher. Upon this evidence, the circuit court, sitting without a

jury, found that the plaintiff was entitled to judgment against the defendant, in her representative capacity, upon the note in the sum of $1,424.50, and rendered judgment against the estate of John Letcher for the said amount, with interest, and ordered the same to be certified to the probate court for allowance and classification according to law.

I. We think that the title of the plaintiff to the note was *prima facie* shown, and that if he was not the owner of it in his representative character, it devolved on the defendant to show it. He represented the payee as her administrator, and by the statute the payee of a promissory note may bring an action upon it against the maker. Rev. Stat., sec. 548. Besides the possession of a negotiable instrument, especially by the payee thereof, or his representative, is usually regarded as *prima-facie* evidence of title, especially against one who does not himself claim to be the owner of it. The subsequent endorsements do not of themselves displace this presumption, since they might have been made for collection merely.

The endorsement showing that the note had previously been allowed as a demand against the estate of John Letcher, deceased, in favor of Marcus A. Wolff, was no evidence of the existence of a judgment of the probate court allowing and classifying this as a demand against John Letcher's estate in favor of Wolff. The judgment of that court was provable by its record, and the statute prescribed the entry of record which should be made. Rev. Stat., sec. 192. If such a judgment subsisted, the defendant could have shown it very easily. *Non constat* that any judgment of allowance entered in favor of Wolff may have been subsequently vacated, either by the probate court or by the circuit court on appeal. The object of the statutory provision requiring the endorsement upon promissory notes of their being allowed as demands against a decedent's estate, is to put subsequent purchasers on inquiry.

Nor can any inference in favor of the defendant's

contention be derived from the fact that the note was marked "duplicate." This does not bring it within the provisions of the statute touching actions upon lost instruments, but excludes it therefrom. It tends to show that the original parties to the note recognized the loss or destruction of the original and that this duplicate original was issued to supply its place.

II. The objection that the entry of judgment in the circuit court is erroneous, in that it is a general judgment against the defendant administratrix, is not well taken. That part of the entry which recites the *finding* and states that the plaintiff "is entitled to judgment against the said Eliza Letcher in her representative capacity," etc., may possibly be subject to criticism; but the subsequent portion of the entry, which announces the judgment which the court in fact renders, is correct.

Judgment affirmed. Judge Rombauer concurs.