## ESTATE OF THOMAS B. REBER, DECEASED.

APPEAL BY ELIZABETH REBER FROM THE ORPHANS' COURT OF BERKS COUNTY.

Argued March 2, 1891—Decided October 5, 1891.

1. On the note of a husband in favor of his wife, promising to pay a sum of money on demand, " with interest from this date until paid," the wife nay recover from her deceased husband's estate interest from the date of the note, not from the date of the maker's death only.

2. In such case, there being an express contract in writing to pay interest, the presumption that the interest was applied from year to year to the

Arguments.

family expenses, is inapplicable; and, in the absence of countervailing evidence to the contrary, the contract is the measure of liability.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 197 July Term 1890, Sup. Ct.; court below, number and term not shown.

On January 7, 1889, the account of Reily L. Fisher, executor of the will of Thomas B. Reber, who died on August 27, 1887, was called for audit, when Elizabeth Reber, the widow of the testator, proved for allowance out of the estate in the executor's hands, a note, not under seal, made by the testator January 27, 1873, as follows:

"I promise to pay to my wife Elizabeth, or order, the sum of seventeen hundred and twenty-five dollars on demand, with lawful interest from this date until paid; without defalcation, value received."

On November 12, 1889, the auditing judge, SCHWARTZ, P. J., filed an adjudication as to said claim as follows:

The claim is allowed, with interest from August, 27, 1887, to date, now amounting to $1,950. In the court's opinion, this note should not pay interest during the testator's lifetime. True, the presumption is that the interest on a note is payable from the time it demands interest, in ordinary cases. Between husband and wife it is otherwise. In such cases, the presumption of law is that they lived off such interest, and that they consumed it from year to year; and this presumption may be rebutted only by showing that the husband and wife lived apart, each upon his or her own income.

—A distribution having been reported accordingly, the claimant filed an exception. After argument, the exception was dismissed and the adjudication confirmed. Thereupon, the exceptant took this appeal, specifying that the court erred in not allowing interest upon said note from its date until paid.

*Mr F. K. Flood* and *Mr. Aug. S. Sassaman,* for the appellant.

That the statute of limitations did not bar the claim, counsel cited: Towers v. Hagner, 3 Wh. 48; McDowell v. Potter, 8 Pa. 189; Hill v. Goodman, 1 Woodw. 207; Peterman v.

Opinion of the Court.

Mullen, 13 W. N. 13.   That the widow could claim out of her husband's estate: § 6, act of April 11, 1848, P. L. 536; Mellinger v. Bausman, 45 Pa. 522; Grabill v. Moyer, 45 Pa. 530; Gicker v. Martin, 50 Pa. 138; Hamill's App., 88 Pa. 363; Bergey's App., 60 Pa. 408; Lahr's App., 90 Pa. 507.   That interest was payable according to the terms of the contract: Grabill v. Moyer, 45 Pa. 530; Mellinger v. Bausman, 45 Pa. 522; May v. May, 62 Pa. 206; Hamill's Est., 88 Pa. 368; Coates v. Gerlach, 44 Pa. 43; Morris v. Ziegler, 71 Pa. 450; Shade v. Shade, 5 Clark 493; Williams's App., 47 Pa. 307.

*Mr. Jefferson Snyder*, for the appellees, filed no printed brief.

OPINION, MR. JUSTICE STERRETT:

The sole question in this case is whether appellant, as a creditor of her deceased husband's estate, is entitled to interest on the amount of her claim evidenced by his note of January 27, 1873, in which he promises " to pay to my wife Elizabeth, or order, the sum of seventeen hundred and twenty-five dollars on demand, with lawful interest from this date until paid; without defalcation, value received."

There was no question as to the genuineness of the note, nor any allegation, even, that any part thereof, either principal or interest, had ever been paid or in any way satisfied.   The learned judge appears to have thought, however, that no interest should be allowed until after the death of the maker, because, between husband and wife, as he expressed it, " the presumption of law is that they lived off such interest and consumed it from year to year; and this presumption can only be rebutted by showing that husband and wife lived apart, each on his or her own income."   He evidently misapplied the principle of presumption which sometimes arises from an entirely different state of facts.   In the case of an express, written promise to pay interest, etc., such as we have in this case, the principle he intended to invoke can never become applicable, except under special qualifying circumstances which must, of course, be shown by competent evidence.

It is well settled that when a husband receives and uses his wife's money with her consent, but without any agreement to pay interest, he will not, as a general rule, be chargeable with

interest; but, if he receives the money for her use and appropriates it to his own without permission, there is no reason why in such case he should not pay interest: May v. May, 62 Pa. 213; Hamill's App., 88 Pa. 363; Hauer's Est., 140 Pa. 420. When he has expressly agreed in writing to pay interest, his promise, in the absence of competent countervailing evidence, should be the measure of his liability.

There was manifest error in not allowing appellant interest from the date of the note, according to the terms of her husband's contract.

> Decree reversed, with costs to be paid by the appellees; and record remitted for further proceedings in accordance with this opinion.