WILLIAM J. TAPLEY, Ex., Respondent, v. JOHN HERMAN et al., Appellants.

St. Louis Court of Appeals, July 7, 1902.

1. **Promissory Note:** EVIDENCE: INFERENCE: EXECUTOR: INTENTION. A note payable to "Whose Tatley" was produced in evidence (unindorsed) by the executor of "Hosea Tapley" in an action on the note; and it is *held*, in the circumstances stated in the opinion, that it might be inferred that Hosea was intended as the payee.

2. ———: ———: ———. Evidence is admissible to indentify the holder of a note as the person intended by the name of the payee. •

3. **Issue:** REFORMATION OF INSTRUMENT: EQUITY. The issue involved in the reformation of an instrument is one of equitable cognizance, triable by the court.

4. **Equity:** MUTUAL MISTAKE AS TO AMOUNT NAMED IN NOTE: ANSWER: SUIT. An answer in a suit on a promissory note set up facts to show that the amount named in the note was inserted by mutual mistake, through an error of a scrivener, and that a lesser sum expressed the real contract of the parties; *held*, that, without any prayer for reformation of the instrument, said facts were available as a defense in reduction of plaintiff's demand.

Tapley v. Herman.

5. **Action to reform note for mutual mistake: ACTION TO ENFORCE PAYMENT; SEPARATE TRIALS.** A cause of action to reform a note for mutual mistake and another to enforce payment thereof should be tried separately, the former, first.

6. **Possession of note by executor: INFERENCE.** Possession of a note by an executor permits an inference that the testator was the owner. And the court may draw inferences of fact from the similarity of names as pronounced by persons of foreign descent, as described in the opinion.

7. **Promissory Note: CONSIDERATION: STATUTORY CONSTRUCTION.** A note payable to the order of a named party imports a consideration, under Revised Statutes 1899, section 894.

8. **Presumption: INSTRUCTION: ERROR: PLEADINGS.** A peremptory instruction to find for defendant is erroneous where plaintiff, in any aspect of the case, is entitled to recover on the case made by his pleadings.

Appeal from Ralls Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*O. C. Wybrant, T. E. Allison* and *J. O. Allison,* for appellants.

(1)    There was no evidence adduced to show that Whose Tatley assigned or indorsed said note to Hosea Tapley, or that Hosea Tapley was the owner of said note and had the right to maintain this action, or that said note was executed to Hosea Tapley by name of Whose Tatley.    Neither are ''Whose Tatley'' and ''Hosea Tapley'' *idem sonans.*    Possession of an unindorsed promissory note by one other than the payee is no evidence of ownership in the holder.    Cavitt v. Thorp, 30 Mo. App. 131; Worril v. Roberts, 58 Mo. App. 197; Saville v. Huffstetter, 63 Mo. App. 273.    (2) It is incumbent upon plaintiff to show at least prima facia title to the note.    Reinhard v. Coal Co., 25 Mo. App. 350; Worril v. Roberts, 58 Mo. App. 197.    And

the general denial puts plaintiff's title to the note in issue. Cavitt v. Thorp, 30 Mo. App. 131; Worril v. Roberts, 58 Mo. App. 197; Saville v. Huffstetter, 63 Mo. App. 273; Dieckman v. Young, 87 Mo. App. 530. Plaintiff's allegation that the note was executed to Hosea Tapley, by name of Whose Tatley, was an issuable fact under the pleadings, and it devolved upon plaintiff to affirmatively establish such fact. Saville v. Huffstetter, 63 Mo. App. 273. (3) "Motions for a new trial on the grounds of newly-discovered evidence are regarded with a jealous eye, and construed with remarkable strictness by the courts; they should be tolerated, not encouraged, viewed with aversion rather than favor, granted as an exception and refused as a rule." Cook v. Railroad, 56 Mo. 380. (4) Plaintiff's affidavit in support of the motion for a new trial does not allege that his cause had merits, and that the judgment of the court was unjust, and for this reason, the affidavit is fatally insufficient and defective. Meechem v. Judy, 4 Mo. 361; Culbertson v. Hill, 87 Mo. 553; Campbell v. Buller, 32 Mo. App. 646

*E. L. Corwine* for respondent.

(1) "Whose Tatley" and "Hosea Tapley" are *idem sonans.* Wilkerson v. State, 13 Mo. 91; State v. Hutson, 15 Mo. 512; State v. Haverly, 21 Mo. 498; State v. Blankenship, 21 Mo. 504; Exendine v. Morris, 8 Mo. App. 383; State v. Pullens, 81 Mo. 387. (2) It is for the court to determine as a matter of law whether "Whose Tatley" and "Hosea Tapley" are *idem sonans.* State v. Haverly, 21 Mo. 498; State v. Blankenship, 21 Mo. 504. (3) "Whose Tatley" and "Hosea Tapley" being *idem sonans,* the allegation in the petition that the note sued on was executed to "Hosea Tapley," by name of "Whose Tatley," may be regarded as surplusage. Sanders v. Bond, 47 Mo. App.

363. (4) When it appears that the trial court, in the exercise of a sound discretion, might properly have sustained the motion for a new trial upon any one or more of the grounds assigned in the motion, the appellate court will not interfere, no matter upon what grounds the trial court might have based its order sustaining the motion. Saville v. Huffstetter, 63 Mo. App. 273; Hewitt v. Steele, 118 Mo. 463. (5) The appellate court will rarely exercise the right of revision when the trial court has granted a new trial. Sinclair v. Lead and Zince Co., 87 Mo. App. 268; Ensor v. Smith, 57 Mo. App. 584; Stout v. Lewis, 11 Mo. 439. (6) It is not necessary for one to allege, in an affidavit in support of a motion for a new trial, that his cause has merits, nor that the judgment of the court was unjust, nor that the newly-discovered evidence would, if produced, change the result of the trial. These are matters for the trial court to determine upon the evidence produced at the trial and the evidence alleged to have been newly discovered. R. S. 1899, secs. 799, 800. (7) It is not necessary to produce the affidavit of witness who will testify to newly-discovered facts, when inability to do so is shown. Obert v. Strube, 51 Mo. App. 621; State v. Ray, 53 Mo. 345; State v. Nettles, 153 Mo. 464.

BARCLAY, J.—Plaintiff is executor of the estate of Hosea Tapley, deceased. Defendants are the makers of a note which is the foundation of the action. That document is as follows:

"$100.50.                              "September 16, 1889.
"Twelve months after date we promise to pay to the order of Whose Tatley, one hundred fifty dollars, for value received negotiable and payable without defalcation or discount and with interest from date at the

rate of ten per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest.

"UTMER HERMAN,<br>
"JOHN HERMAN."

The petition, after showing plaintiff's standing as executor of the owner of the note, follows the ordinary form of a suit upon a note. It alleges, among other things, that defendants "promised, for value received, ta pay to the said Hosea Tapley, deceased, by name of 'Whose Tatley,' twelve months after the date of said note the sum of one hundred and fifty dollars with interest," etc. It also concedes that defendants, after the death of Hosea Tapley, made two payments (of $25 and $19, respectively) upon the note.

The answer of all the defendants admitted the execution of the note, denied the other allegations generally, and specially denied that the consideration was one hundred and fifty dollars, stating that it was really one hundred and fifty-hundredths dollars. The answer then proceeds to state a cause of action for the reformation of said instrument to make it read "one hundred and fifty-hundredths dollars," upon the ground that a mutual mistake of the parties was made at the execution thereof by an error of the scrivener who wrote what appears in the note, when the real agreement of the parties was that it should express a promise to pay one hundred dollars and fifty cents (as appears in figures in its caption).

The answer does not contain a definite prayer for relief upon the ground aforesaid but it states facts from which it may be inferred that defendants desire the instrument to be reformed so as to express an obligation to pay $100.50 only, and thereby reduce the principal of the demand to that sum.

Plaintiff by reply denied the new matter in the answer.

At the trial by the court, a jury having been waived, defendants admitted the death of Hosea Tapley, as alleged, and the appointment and qualification of plaintiff as administrator of the estate of Hosea. Plaintiff then introduced the note in evidence (as already quoted) and rested.

The court thereupon gave a declaration of law to the effect that upon the pleadings and evidence plaintiff was not entitled to recover, and that the finding of the court should be for defendant. The court accordingly entered judgment for defendants. In due time, however, on plaintiff's motion, the court granted a new trial upon the ground than an illegal and improper declaration of law had been given, which was the third ground in the motion for new trial.

The other grounds of that motion were as follows:

"1.    Because the finding and the judgment of the court are against the law and the evidence in the cause.

"2.    Because the finding and judgment of the court are against the weight of evidence produced at trial of the cause.

"4.    Because since the trial of the cause plaintiff has discovered new and material evidence in the cause, said evidence relating to the execution by defendants to said deceased, Hosea Tapley, of the note sued upon herein, of the existence of which said evidence plaintiff though exercising due diligence in the matter, was not aware until after the rendering of the judgment herein; the nature and quality of said evidence more fully appearing by the affidavit of the plaintiff and Mary E. Tapley herewith filed and made a part thereof."

A considerable amount of testimony, in the form of affidavits and otherwise, was offered in regard to the issue of newly discovered evidence. It will not be necessary to quote it.

After a new trial had been granted, defendants appealed from that order to the Court of Appeals and perfected their appeal in the regular way.

1. The issue raised by the answer, concerning the reformation of the note, did not receive serious attention in the circuit court. The facts narrated in that part of the answer, if found to be true, would authorize the court to treat the document as one expressing a promise to pay $100.50, instead of $150.

· The issue involved in the reformation of the instrument was one of equitable cognizance, triable by the court; and it should, appropriately, have been tried separately, under section 694 (R. S. 1899), before the trial on the original demand. No complaint, however, is made to the court's action in proceeding to hear the case stated in the petition without first disposing of the question of reforming the note.

The fact that no prayer for specific relief concluded the recital, showing mutual mistake in the terms of the note, would not prevent defendants from having the benefit of a reduction of plaintiff's demand which the facts stated justify, as a defense, to the extent proven. Barlow v. Elliot, 56 Mo. App. (St. L.) 374.

We make this comment to promote the orderly course of procedure in event the cause should come to trial again.

2. Appellants contend that the names "Whose Tatley" and "Hosea Tapley" are not of the same sound, and that plaintiff was not entitled to recover upon the production of the note and admissions above mentioned.

The instrument not only recited a consideration. but it imported one until some contrary showing was made, according to our statute (R. S. 1899, sec. 894).

What words are sufficiently alike in sound to warrant a court in treating them as identical without other proof, is often one of difficulty, as may be seen by a

glance at some comments on the subject wherein a number of Missouri precedents are cited.    24 Alb. L. Jour., 444; 6 Ency. L. (1 Ed.), 122.

But in the case at bar, the similarity of name is not the only fact to be weighed. In determining whether Hosea Tapley was the person intended to be described as payee in the note it is entirely proper to consider the circumstances, shown directly or inferentially, and to draw such inferences as may be reasonable from the direct evidence. Similarity in sound is one matter for consideration, but not the only one. It would have been permissible for plaintiff to show by testimony that Hosea was the person intended by the name of the payee in the note.

The paper itself was produced in evidence by plaintiff as the executor of Hosea Tapley. From that fact it may fairly be inferred that the document belonged to Hosea at the time of his death. It may also be inferred from the names of the makers of the note that they were people of German descent, and the resemblance of "Whose Tatley" to "Hosea Tapley," when pronounced by such persons, may also be infered in determining the ultimate fact of prima facie title. The note was read in evidence without objection. Its execution was admitted. There is no evidence of any indorsement. The facts we consider warrant the inference that Hosea Tapley was the person intended to be described by the name which appears as that of the payee in this note.

It is a well-known rule in the law of commercial paper, that the payee may be identified as the person described in a note even when there is some variation between the name written and the true name.

In Taylor v. Strickland, 37 Ala. 642, one Aaron Formby was permitted to show that he was the person intended by the name "Aaron Formey," mentioned as the payee in a note.

In Jacobs v. Benson, 39 Me. 132, a note payable to "Charles B. Jeques" was the foundation for a recovery by Charles V. Jacobs, who showed that he was the party intended by the name first mentioned.

In another case we find that Elizabeth Willis maintained an action upon a note to "Elizabeth Willison" (Willis v. Barrett, 2 Stark. 29), and, again, that Nicholas S. Baker recovered upon a note in favor of "N. S. Bake" (Williams v. Baker, 67 Ill. 238).

It has often been held permissible to show that the name used in a note as that of the payee, was intended to describe the person claiming under the note.

In the case at bar, the name of the deceased holder sufficiently resembles that which appears as payee in the note, when considered in connection with the possession of the paper by his executor, to warrant the court in inferring as a fact that the payee intended was the plaintiff's intestate.

The peremptory instruction to find for defendants was erroneous if, in any aspect of the facts, the testimony permitted a reasonable inference that plaintiff was the owner of the note. We think it did.

Many cases which have been cited on the law of identity of name and person, involving the vexed question of *idem sonans,* we regard as inapplicable to the facts here in judgment. It does not seem necessary to review them severally or to state more particularly the features which distinguish them from the case under review.

The learned trial judge was entirely right in setting aside the judgment for error in giving the binding instruction for defendants.

The order granting a new trial is affirmed. *Bland,* P. J., and *Goode, J.,* concur.