## Carskaddon, Appellant, *v.* Miller.

*Parent and child—Gift—Promissory note—Evidence.*

In an action by a daughter against her father's administrator, on a promissory note, a verdict and judgment for the defendant will be sustained where the evidence shows that the father gave the note to his daughter on the understanding that she should return it, if he so demanded; that he did so demand, and that she refused to return the note.

Argued March 8, 1906. Appeal, No. 18, March T., 1906, by plaintiff, from judgment of C. P. Clinton Co., May T., 1899, No. 208, on verdict for plaintiff in case of Beckey Carskaddon v. Clarence Miller, administrator of James Miller, deceased. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.    Affirmed.

Assumpsit on a judgment note.    Before Mayer, P. J.
For the facts see 25 Pa. Superior Ct. 47.

The court charged in part as follows:
[The note was placed in her custody under this agreement to hold it until demanded by her father, and if it was demanded

94, (1906.)]     Charge of Court below—Opinion of the Court.

by him she was bound to return it and could not retain it and bring suit upon it. If it was not demanded in his lifetime then she would be entitled to recover the amount of the note and interest.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was (4) above instruction, quoting it.

*C. S. McCormick*, for appellant.

*S. D. Furst*, with him *C. G. Furst*, for appellee.

OPINION BY BEAVER, J., May 14, 1906:

When this case was previously here—Carskaddon v. Miller, 25 Pa. Superior Ct. 47,—it was sent back, in order that the testimony contained in an offer, fully set forth in the opinion, which had been rejected in the trial, should be heard. We then said:

" Taking the offer as verity, as we are bound to do, it was evidence to show the interpretation which the parties placed upon it (the agreement under which the note was held by the plaintiff), and was an admission on the part of the plaintiff that she held it subject to her father's control, and that it was his and not hers."

On the retrial, the testimony was admitted. The offer was made good. The issue of fact thereby raised was fairly submitted to the jury. Its finding is in favor of the defendant and distinctly negatives the contention of the plaintiff that the note upon which the suit was founded was a gift from her father to her.

There is nothing else in the case. It was fairly tried. The testimony was competent and was carefully submitted to the jury. The verdict should stand.

Judgment affirmed.