## Killeen's Estate.

Argued October 7, 1932.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*John E. Laughlin,* with him *Samuel G. Wagner,* of *Wagner & Wagner,* for appellants.—A note becomes ad-

missible in evidence by proving the signature of the attesting witness: Austen v. Marzolf, 307 Pa. 232; Hamsher v. Kline, 57 Pa. 397.

The effect of admitting a note in evidence is that it makes out a prima facie case for plaintiff: Austen v. Marzolf, 307 Pa. 232; First Nat. Bank v. Paff, 240 Pa. 513.

A nonnegotiable note imports consideration: Conmey v. Macfarlane, 97 Pa. 361.

A nonnegotiable note under seal imports consideration: Davies's Est., 102 Pa. Superior Ct. 326; Zimmerman v. Zimmerman, 262 Pa. 540.

A note is evidence of a debt: Girard Trust Co. v. Kitsee, 82 Pa. Superior Ct. 277; Rosenberg v. Rhea, 86 Pa. Superior Ct. 29.

A seal on a nonnegotiable note imports a delivery: Austen v. Marzolf, 307 Pa. 232.

From the execution of the note, sealing and delivery may be presumed: Long v. Ramsay, 1 S. & R. 72; Miller v. Binder, 28 Pa. 489.

The burden is on the one asserting it to establish failure of consideration: Conmey v. Macfarlane, 97 Pa. 361; Kelley-Wood R. E. Co. v. Lloyd, 50 Pa. Superior Ct. 393.

*Frederic W. Miller,* with him *John K. Benn,* for appellee.—The presumption arising from proof of signature was overthrown by other evidence.

The proof of signature only raises a question of fact as to the sealing and delivery which may be decided by the jury either way: Austen v. Marzolf, 307 Pa. 332; Reed v. Reed, 46 Pa. 239; Hoover v. Summerville, 67 Pa. Superior Ct. 544.

In cases of sealed instruments, there is a well marked distinction between instances where no consideration was contemplated and those where consideration was contemplated. In the latter class failure or want of consideration can be shown: Meek v. Frantz, 171 Pa. 632.

Opinion by Mr. Justice Kephart, November 28, 1932:

P. A. Killeen executed a nonnegotiable note under seal dated July 27, 1914, wherein his father, Michael Killeen, was named as payee. In 1916 Michael was adjudicated a weak minded person and his wife Bridgett appointed his guardian. She died in 1924. Mary, her daughter, was appointed administratrix of her estate. As administratrix she filed the final account of her deceased mother as guardian of her husband's estate. He died in 1931 and Mary was named as his executrix, and filed her first and final account. This account was before the court below for audit.

The note of P. A. Killeen was not included as an asset either in this account or the guardian's, nor was any mention made of it. P. A. Killeen died in 1918, leaving a minor son to survive him. When the minor's claim was presented for his share of his grandfather Michael's estate, this note was presented for consideration against his claim. If the note was a valid note the minor would get nothing; if it was not a valid note he would receive the sum his father would get if living.

At the trial the signature of the maker and attesting witness were duly proved and the note offered in evidence. The court then required the claimants to produce evidence of delivery and consideration. At the conclusion of the claimant's testimony, the court found that there was no delivery of the note to the payee Michael Killeen; that there was no consideration for it, and that it was a stale claim.

We held in Austen v. Marzolf, 307 Pa. 232, an action on a sealed instrument, that "Once plaintiff has proved the signature, consideration and delivery may be presumed from the fact that the instrument is under seal." Proof of the handwriting is sufficient to enable the jury to presume that sealing and delivery took place, although proof of handwriting does not import sealing and delivery: Miller v. Binder, 28 Pa. 489; Sigfried v. Levan, 6 S. & R. 307. This presumption of delivery and owner-

ship is not conclusive but merely goes to complete the plaintiff's prima facie case and may be rebutted by countervailing proof on the part of the maker that there was no delivery in fact: Loughran v. Kummer, 297 Pa. 179; Cragin's Est., 274 Pa. 1, or that the delivery was conditional: Lerch v. Bard, 162 Pa. 307; Fertig v. Bucher, 3 Pa. 308; Carskaddon v. Miller, 31 Pa. Superior Ct. 94.

Though the signature of the maker of a note be shown, yet if the note is found in the possession of the maker there is a strong presumption that the note has been paid, or has never been delivered, or that there was no consideration for it; it would require substantial proof to overcome such a presumption: Citizens Bank v. Lipschitz, 296 Pa. 291; Helzer v. Helzer, 193 Pa. 217; Zeigler v. Gray, 12 S. & R. 41. Here, however, the note was presented at the audit by the executrix, the representative of the estate, and its delivery to payee, Michael, is challenged. The presumption is that property in the possession of the legal representatives of an estate is the property of the decedent held for the benefit of the estate, and that there has been a delivery to the decedent in his lifetime: Tapley v. Herman, 95 Mo. App. 537, 69 S. W. 482; Bobb v. Letcher, 30 Mo. App. 43; 8 C. J. 1004.

Specific proof of delivery was required by the court below because of the suspicious circumstances surrounding the existence of the note from the date of P. A. Killeen's death until this audit. They were that Bridgett, wife and guardian of Michael, did not treat the note as part of her husband's estate when he became feeble minded; it was not inventoried nor accounted for by her in any of her accounts. Mary, her daughter, as administratrix of her mother did not account for the note though she knew her mother had it, nor did she later account for the note as executrix of her father's estate. Though Mary had the note in her possession after her mother died, she permitted $1,000 to be paid out of her father's estate to the minor son of P. A. Killeen, who is here the

appellee, though she knew if the note was valid she would be surcharged for such payment.

Mary's explanation of her failure to mention this note is aptly described by the court below, and if we had only this daughter to consider it might be possible her conduct would be such as to estop her from making any claim that the note was valid. There are, however, two other children of Michael who have taken appeals in this estate; they cannot be deprived of their interest through any misconduct by Mary. The testimony shows that the note was in the possession of Bridgett, wife of Michael, shortly after Michael became feeble minded. As stated above, the presumption would be that the note was legally in Michael's possession; that complete delivery had been made when Michael was of sound mind; and that the note passed into the guardian's custody. Unless appellee offers countervailing proof the requirement of delivery is satisfied, not only by the presumption arising from execution, but also from this evidence of possession by representatives of the estate. No such testimony was offered.

The further contention was failure of consideration. This note was under seal. In Pennsylvania a seal is more than mere presumptive evidence of consideration. It imports consideration (Yard v. Patton, 13 Pa. 278, 284), and therefore want of consideration is no defense to an action on the sealed instrument: Dominion Trust Co. v. Ridall, 249 Pa. 122, 125; Cosgrove v. Cummings, 195 Pa. 497; Clymer v. Groff, 220 Pa. 580. There is, however, a distinction between want and failure of consideration: want of consideration embraces transactions or instances where none was intended to pass, while failure of consideration implies that a valuable consideration, moving from obligee to obligor, was contemplated: Meek v. Frantz, 171 Pa. 632. Want of consideration is no defense, as this would contradict the terms of the instrument, while failure of consideration does not contradict the terms of the instrument, but shows

that the consideration contemplated was never received: Piper v. Queeney, 282 Pa. 135, 142.

Claimants had made out a complete prima facie case by the production and proof of the note under seal. To destroy this prima facie case the obligor must produce evidence to meet and overcome the presumption of consideration. But the court below held that claimants must first produce evidence of actual consideration in addition to the presumption created by proof of the note. This ruling simply nullified the rule as to the presumption, related the case to a simple contract, and gave no effect to the seal, and also resulted in claimants presenting rebuttal evidence before their prima facie case had been overcome by appellee.

The court's reason for requiring the proponents of the note, the heirs of Michael Killeen, to prove consideration in addition to the genuineness of the signature and delivery, was that the obligee's own witness testified to circumstances of a suspicious nature which the court felt would in themselves defeat the claim. These circumstances were the facts as narrated above, in addition to the fact that the note was 17 years old.

Suspicious circumstances surrounding the note will not be sufficient to change the burden of proof nor place on the obligee the duty of showing consideration, even as between living parties, nor will the age of a valid instrument have such effect. In a suit on a negotiable instrument with a defense of fraud, all that is necessary for the holder to show is that he came into possession of it in due course without knowledge of any matter affecting its integrity; he is not required to prove delivery or that a consideration originally passed for the note: Act of May 16, 1901, P. L. 194, chapter 1, article I, section 16: Ibid., chapter 1, article IV, section 52. The suspicious circumstances which would warrant the court in casting the burden of proving consideration on the obligee of a sealed nonnegotiable note should be such circumstances as amount to fraud on the maker, and nothing short of

fraud should have that effect: Helzer v. Helzer, supra. The law presumes against fraud and in favor of innocence: Hamsher v. Kline, 57 Pa. 397, 403; Miller's Est., 3 Rawle 312, 317. The mere concealment of the note from the account or failure to collect from Patrick's estate could be easily accounted for in a manner not to impugn the validity of the note. If the note had been in the possession of P. A. Killeen, and in some surreptitious manner came into the mother's possession, or the daughter's, and its use at the present time was to defeat the minor child of his estate, this use would be fraud of the worst type, but there is not a scintilla of such evidence in the case. The bare fact of concealment of the note does not of itself show fraud on the maker or his estate, but it would on the contrary have a decided effect as showing fraud on the estate or heirs of the payee.

The court was in error in requiring the heirs to prove consideration before the appellee had produced evidence of its own to rebut the presumptions of consideration and delivery raised by the appellant's prima facie case: Royer's Est., 217 Pa. 626.

We are not unmindful of the fact that the minor child will suffer if this note is a valid claim. The record as now presented compels us to reverse the decree, but, as the court below mistakenly required the proponents of the note to prove consideration, which they failed to do, and then refused to consider the note for that reason without hearing evidence from the minor child's representative showing its invalidity, an opportunity will be afforded for the presentation of evidence, if it exist, to show either no delivery in fact, failure of consideration, or any testimony affecting its integrity.

The decree of the court below is reversed; the record is remanded with a procedendo.