## Rubinoff v. Rubinoff

Before Thompson, Ellenbogen and Weiss, JJ.
*E. P. Curran* and *I. Elmer Ecker*, for plaintiff.
*Frank R. S. Kaplan,* for defendant.

ELLENBOGEN, J., March 2, 1948.—This is a complaint in an action to quiet title under Pa. R. C. P. 1061. It alleges that plaintiff is the owner of certain real estate located in the City of Pittsburgh, Allegheny County; that his predecessor in title executed and delivered to defendant a mortgage which was recorded and remains unsatisfied of record; that defendant executed and delivered to plaintiff a written instrument, under seal, copy of which is attached to the complaint, entitled "Satisfaction of Mortgage" wherein defendant "acknowledges to have received payment and satisfaction in full" of said mortgage; and that defendant refuses to acknowledge said satisfaction of mortgage so that it might be recorded. Plaintiff prays that the court order said mortgage marked satisfied of record.

Defendant filed a demurrer in the form of preliminary objections to the complaint, alleging that the complaint fails to set forth a good cause of action and fails to allege that payment has been made of the amount of said mortgage.

The preliminary objections must be overruled.

Payment is not necessarily essential to the validity of a satisfaction piece. The satisfaction of a mortgage may be based on other valid consideration: Restatement of Law of Contracts, sec. 110. Indeed, defendant, in the instrument before us, acknowledges that he received payment *and satisfaction in full.*

Furthermore, the seal imports consideration: Broniman et ux v. Allen, 357 Pa. 229, 53 A. (2d) 536; Killeen's Estate, 310 Pa. 182, 187; Land Title Bank & Trust Co. v. Freas, 334 Pa. 26, 28, 29.

The satisfaction piece here involved is a solemn instrument under seal which in itself is a discharge of the obligation of the mortgage and not merely evidence thereof: Sears' Estate, 313 Pa. 415, 420; Land Title Bank & Trust Co. v. Freas, 334 Pa. 26, 29.

It is clear that the satisfaction of the mortgage involved here is binding on defendant, unless he can show a good defense.

The demurrer will be overruled.

### Order

And now, to wit, March 2, 1948, the preliminary objections to the bill of complaint are overruled; defendant is allowed 15 days from the date of this order within which to file an answer to the complaint.