471 A.2d 537

**John W. LINNET, T/D/B/A Ideal Park Enterprises, Appellant,**

v.

**Floyd HITCHCOCK, Jr. and Al Leonzi, T/D/B/A Keystone All-Star Sports Camp.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 1983.

Filed Jan. 27, 1984.

John M. Kuchka, Berwick, for appellant.

Thomas E. Richie, Bloomsburg, for appellees.

Before SPAETH, President Judge, and HESTER and LIPEZ, JJ.

PER CURIAM:

This appeal arises from an Order dismissing plaintiff-appellant's exceptions and denying recovery to either party in an action in assumpsit before a judge sitting without a jury.

Appellant, the plaintiff below, John W. Linnet, t/d/b/a Ideal Park Enterprises, instituted the within suit in April, 1980, against appellees, defendants below, Floyd Hitchcock, Jr. and Al Leonzi, t/d/b/a Keystone All-Star Sports Camp. The action arose as a result of an oral agreement entered into by the parties in June, 1979, for the use of Ideal Park, a recreation and camping complex owned by appellant.[1] Appellees used the athletic camp portion of the premises as a sports facility. The conflict concerns the amount of compensation due and owing appellant, relating in particular to the payment of overhead expenses. The lower court, entered a verdict for appellees with respect to appellant's complaint and in favor of appellant with respect to appellees' counter-claim. Plaintiff-appellant filed exceptions. The lower court dismissed the exceptions and appellant filed this appeal.

The first issue is whether the indefiniteness of the terms of the parties' oral agreement precludes its enforceability; otherwise stated, are the terms of the oral agreement certain enough to provide the basis for providing an appropriate remedy? The second issue is whether appellant can recover in quasi-contract.

It is settled that the findings of a trial judge sitting without a jury must be accorded the same weight and effect on appeal as a jury verdict, and will not be disturbed in the absence of an abuse of discretion or a finding of lack of evidentiary support. *Brenna v. Nationwide Ins. Co.*, 294 Pa.Super. 564, 440 A.2d 609 (1982); *Johnson Truck Rental Co. v. Fowler-McKee*, 281 Pa.Super. 271, 422 A.2d 164 (1980); *First Pennsylvania Banking and Trust Co. v. Liberati*, 282 Pa.Super. 198, 422 A.2d 1074 (1980). An

---

1. An oral lease not exceeding three years is outside the ambit of the Statute of Frauds. 68 P.S. § 250.202.

appellate court, however, is not bound by the trial court's conclusions of law based on its findings of fact. *First Pennsylvania Bank and Trust Co. v. Liberati*, supra. It is also clear that the party favored by the findings of the trial judge is entitled to have the evidence viewed in the light most favorable to him; that is, all the evidence and proper inferences favorable to him must be taken as true and all unfavorable inferences rejected. *Brenna v. Nationwide Ins. Co.*, supra. This is particularly true in a case in which the credibility of witnesses must be closely evaluated. *Brenna v. Nationwide Ins. Co.*, supra.

So viewed, the evidence in this case is summarized as follows:

Appellant testified that appellees agreed to pay the overhead expenses of the athletic camp portion of the premises including taxes, utilities, and insurance. He further testified that appellees agreed to pay $1.00 per day per camper for the use of the swimming pool; to reimburse him for food and supplies taken from his inventory; and that partial payments were made to him by appellees for overhead expenses of the camp. Appellees' testimony contradicted the majority of the allegations concerning the agreement. Appellees stated that they agreed to pay $1.00 per day per camper for the use of the premises and facilities and also to reimburse appellant for the food and supplies consumed. Appellee Leonzi testified that he paid $7.50 per day per camper for use of the same premises, facilities and food service for the camp the previous summer, 1978, in addition to paying $1.00 per day per camper for use of the swimming pool. Appellees also claimed that appellant failed to provide wholesome food, and neglected to complete certain physical improvements on the premises as promised. Both parties gave conflicting testimony regarding the specific duration that the premises and facilities were to be used, and the manner in which overhead expenses during such time would be allocated between them. The lower court found the essential terms of the agreement too uncertain to permit enforcement of the agreement in favor of either

party, and also denied appellant reimbursement for certain overhead expenses and appropriated items in the possession of appellees.

The acknowledgment of an agreement by a court does not necessarily require its enforcement. An agreement is an enforceable contract wherein the parties intended to conclude a binding agreement and the essential terms of that agreement are certain enough to provide the basis for providing an appropriate remedy. See *Lombardo v. Gasparini Excavating Co.*, 385 Pa. 388, 123 A.2d 663 (1956); *Yellow Coal Co. v. Alma Elly-YV Mines*, 285 Pa.Super. 84, 426 A.2d 1152 (1981); Restatement (Second) of Contracts § 33 comments a, b (1981). If the essential terms of the agreement are so uncertain that there is no basis for determining whether the agreement has been kept or broken, there is not an enforceable contract. Restatement (Second) of Contracts § 33, comments a, b.

Based upon our review of the record, we find sufficient evidence to support the lower court's finding that the essential terms of the parties' oral agreement were too uncertain to permit the enforcement thereof. We disagree, however, that no basis exists upon which an award in quasi-contract may have been found if all the facts had been fully considered.

The lower court refused to give appellant quasi-contractual relief, and in its opinion sur exceptions stated that appellant would be entitled to recovery on such basis if the court had found appellant's testimony concerning contractual arrangements credible and none of appellees' testimony worthy of belief.[2] As earlier noted, appellee Leonzi

2. In its opinion rendered subsequent to the non-jury trial, the lower court also alluded to possible quasi-contractual relief when it denied appellant reimbursement of certain telephone expenses and the recovery of the value of several items in the possession of appellees. Although a quasi-contract claim was not specifically alleged in appellant's pleading, the lower court apparently treated appellant's pleading as sufficient in setting forth a quasi-contractual claim. Likewise, the lower court apparently treated appellant's exceptions as also raising such a claim. Thus, because the quasi-contract theory of recovery

testified that he paid appellant $7.50 per day per camper in the Summer, 1978, for the use of appellant's premises, facilities and food service. Appellee Hitchcock also was fully aware of this per diem rate. Our perusal of the record gives us no indication that this testimony was adequately considered in determining that appellant was not entitled to quasi-contractual relief. Though the lower court may properly have given little weight to appellant's testimony in finding the present agreement unenforceable because of indefiniteness, appellant's lack of credibility should not have ended the inquiry with respect to a determination of possible quasi-contractual relief. The determination of whether there is an enforceable agreement and whether there is a proper basis for an award in quasi-contract requires distinct inquiries and separate consideration of all the evidence.[3] We find that the lower court failed to do this and therefore committed an abuse of discretion.

 Although the original uncertainty remains with respect to the definiteness of the parties' oral agreement, such that it could not be given legal effect, often the need for a non-contractual remedy arises where one party is *unjustly* enriched at the expense of the other. *Zvonik v. Zvonik*, 291 Pa.Super. 309, 435 A.2d 1236 (1981); *Myers-Macomber Engineers v. M.L.W. Construction Corp. and HNC Mortgage and Realty Investors*, 271 Pa.Super. 484, 414 A.2d 357 (1979); *Colish v. Goldstein*, 196 Pa.Super. 188, 173 A.2d 749 (1961); Restatement of Restitution § 1. In an appropriate case, restitution may be awarded for benefits conferred under an agreement void for indefiniteness. Restatement of Restitution § 40, Comment b, § 47, § 53.

On remand, the lower court should consider, in addition to all other credible evidence, the testimony relating to the

was considered by the lower court, it is properly before us for review. Pa.R.A.P. 302.

**3.** The doctrine of quasi-contract or unjust enrichment does not require, as sine qua non, the establishment of a contractual relationship. See *Zvonik v. Zvonik*, 291 Pa.Super. 309, 316–317 n. 4, 435 A.2d 1236, 1240 n. 4 (1981); *Colish v. Goldstein*, 196 Pa.Super. 188, 191, 173 A.2d 749, 751 (1961).

Summer of 1978 agreement in determining if appellees were enriched; secondly, in the event it finds any enrichment to appellees, it must consider if it would be unjust to appellant to deny him recovery of the benefit conferred.

The order dismissing appellant's exceptions is vacated for further proceedings below consistent with this opinion. Jurisdiction relinquished.