599 A.2d 217

Richard J. DAHAR, Appellee,

v.

Timothy GRZANDZIEL and Sanford A. Middleman,
d/b/a Middleman & Middleman.

Appeal of Sanford A. MIDDLEMAN, d/b/a
Middleman & Middleman, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1991.

Filed Nov. 14, 1991.

Sanford A. Middleman, Pittsburgh, appellant.

Maureen D. Harvey, Pittsburgh, for appellee.

Before CAVANAUGH, BECK and KELLY, JJ.

KELLY, Judge:

In this case we are called upon to determine whether the trial court properly held the appellant-attorney, Middleman, personally liable for his client's dental costs based on its finding that an enforceable contract to protect the appellee-dentist's, Dr. Dahar's, fees out of the client's settlement funds existed between appellant-attorney and appellee-dentist. We find that the appellee-dentist furnished sufficient consideration, by providing information that was instrumental in creating the settlement fund from which appellant-attorney collected his fee, to support appellant-attorney's promise to protect appellee-dentist's fees. We also find that appellant-attorney breached this agreement by distributing the settlement funds without protecting appellee-dentist's fee. Therefore, we affirm.

The relevant facts and procedural history of this case are as follows. The client, Grzandziel, sustained injuries to his jaw and teeth in an auto accident and retained the appellant-attorney to represent him in a personal injury action arising from that accident. On June 27, 1986, the client sought the appellee-dentist's services to treat his injuries. After examination, the appellee-dentist informed the client that alignment and preparation for surgery were needed at an estimated cost of $2,850.00 plus additional costs for invisible braces elected by the client. At that time, the client instructed the appellee-dentist to forward all bills to the appellant-attorney to be paid out of any settlement obtained in the personal injury action. The appellee-dentist's bookkeeper telephoned the appellant-attorney's office and received confirmation that the appellee-dentist's fees would be protected. Further, appellant-attorney's office issued a letter, dated July 14, 1986, providing appellee-dentist with written confirmation, stating in relevant part: "be advised

that I represent ... Grzandziel ... be advised that I will protect your bill out of any settlement claim."

Upon receiving oral confirmation that his fees would be protected, the appellee-dentist began treating the client. On August 23, 1986, the appellee-dentist received a second letter, dated August 12, 1986, from appellant-attorney. In it, the appellant-attorney requested that the appellee-dentist furnish reports regarding the client's treatment. He also advised the appellee-dentist not to release information to anyone regarding client without the appellant-attorney's approval. The second letter also stated: "my client has authorized me in writing to retain for you from any settlement made in this case any part of your fees for professional services which are unpaid." The appellee-dentist complied with attorney's requests for reports and notified the appellant-attorney when contacted by representatives of the other party to the personal injury action regarding the client's treatment.

After treating the client for eighteen months and receiving no information of settlement, the appellee-dentist asked the client to begin to pay the bill. The client paid $1,475.00 of the $2,850.00 bill. The appellee-dentist later learned from the dental surgeon who had treated the client that the client had received a settlement in his personal injury action and had paid the dental surgeon in full. The appellant-attorney confirmed the $44,000.00 settlement over the telephone and sent a copy of the settlement statement to the appellee-dentist. The settlement statement failed to mention the appellee-dentist's fees, save a note on the bottom, signed by the client, stating that the appellant-attorney was not authorized to pay the appellee-dentist and releasing the appellant-attorney from liability for non-payment of appellee-dentist's fees. According to the settlement statement, the appellant-attorney distributed the settlement fund to the third parties listed thereon and paid the balance over to the client.

The appellee-dentist instituted this lawsuit against the client (appellee's patient) and the appellant-attorney (pa-

tient's lawyer) to recover the remaining dental and ortho-dontic fees. The trial court, sitting without a jury, found that the appellant-attorney was personally liable to the dentist for the fees and issued a verdict for the appellee-dentist and against both the appellant-attorney and the client. The attorney's Motion for Post–Trial Relief was denied, and judgment was entered against him for the amount awarded the dentist, $1375.00, plus interest from November 30, 1989. The client, Grzandziel, took no further action. This timely appeal followed.

On appeal, the appellant-attorney raises three issues for our consideration.

1. WHETHER THE TRIAL COURT ERRED IN THAT APPELLANT MIDDLEMAN DID NOT ENTER INTO A CONTRACTUAL RELATIONSHIP WITH APPEL-LEE DAHAR.

2. WHETHER THE TRIAL COURT ERRED IN THAT, ASSUMING A CONTRACT, APPELLANT MIDDLE-MAN IS NOT LIABLE DUE TO BREACH.

3. WHETHER THE TRIAL COURT ERRED IN THAT, ASSUMING A CONTRACT, APPELLANT MIDDLE-MAN'S ACTIONS WERE THOSE OF AN AGENT, AND APPELLANT MIDDLEMAN IS NOT PERSON-ALLY LIABLE FOR DEFENDANT GRZANDZIEL'S FAILURE TO PAY.

(Appellant's Brief at 3).

The appellant first contends that the trial court erred in finding that a contract existed between appellant-attorney and appellee-dentist. The appellant argues that his promise to protect appellee-dentist's fee out of the settlement claim was not supported by consideration. The appellant further argues that the agreement is unenforceable because it lacks specificity. Particularly, the appellant asserts that there was no bargained-for exchange because the parties failed to expressly address what the appellee-dentist would do in exchange for the appellant-attorney's promise to protect the dentist's fees. In the alternative, appellant asserts that there was no detrimental reliance by the appellee-dentist on

the appellant-attorney's promise to protect the fees because the dentist's reliance on the uncertain event of settlement was not reasonable, and the dentist did not in fact rely on the attorney's promise, but demanded partial payment from the patient. We do not agree.

 It is well established that consideration confers a benefit upon the promisor or causes a detriment to the promisee. *Cobaugh v. Klick–Lewis, Inc.,* 385 Pa.Super. 587, 591–92, 561 A.2d 1248, 1250 (1989); *Cardamone v. Univ. of Pittsburgh,* 253 Pa.Super. 65, 72 n. 6, 384 A.2d 1228, 1232 n. 6 (1978). Here, the appellant-attorney promised to make certain that the appellee-dentist's fees were paid out of any settlement received by the appellant-attorney in the client's personal injury case. The appellee-dentist began treating the client, provided reports regarding the client's injuries, and cooperated with the appellant-attorney's request that he (the appellee-dentist) not discuss the client's condition with attorneys for the other party in the personal injury action without his (the appellant-attorney's) approval. The trial court found that the appellant-attorney's promise to protect the dentist's fee was supported by adequate consideration, specifically concluding that the appellee-dentist had furnished information important in obtaining the settlement and had helped create the settlement fund. (Tr.Ct.Op. of 2/12/91 at 4). Clearly, the appellant-attorney who derived his fee out of the settlement funds benefitted from the appellee-dentist's contribution toward obtaining that settlement: providing treatment cost-estimates and furnishing initial and follow-up reports regarding the client's treatment.[1]

1. Because we find that the trial court properly found that the appellant's promise to protect appellee's fees was supported by consideration, we need not address appellant's argument that promissory estoppel, or detrimental reliance, does not apply here. Had we concluded that the agreement was not supported by consideration, we could have enforced the contract under a theory of detrimental reliance, as all the requirements are met. First, the appellee-dentist's reliance on the appellant-attorney's protection letter was reasonable given the appellant-attorney's own testimony that such letters were "routinely sent" to treating physicians. Second, the appellee-dentist testified at trial that

The appellant-attorney further argues that the agreement between the parties is void because it lacks specificity. We disagree.

In order to create an enforceable contract, the parties must set out the terms of the agreement with sufficient specificity. *Greene v. Oliver Realty, Inc.,* 363 Pa.Super. 534, 539, 526 A.2d 1192, 1194 (1987); *Linnet v. Hitchcock,* 324 Pa.Super. 209, 214, 471 A.2d 537, 540 (1984). An agreement is sufficiently definite and will not fail for vagueness if the parties intended to make a contract and the terms provide a reasonably certain basis for a court to give an appropriate remedy. *Jeannette Paper v. Longview Fibre,* 378 Pa.Super. 148, 158, 548 A.2d 319, 324 (1988), *cert. denied* in 493 U.S. 821, 110 S.Ct. 78, 107 L.Ed.2d 44 (1989) *alloc. denied,* 522 Pa. 577, 559 A.2d 38 (1989); *Greene v. Oliver Realty, supra; cf. Linnet v. Hitchcock, supra* (terms of oral contract too uncertain to permit enforcement where parties' testimony regarding terms contradict). Also, the terms of a contract may become definite as a result of partial performance; what was previously unclear may be made definite by performance by one or more parties. *Greene v. Oliver Realty, supra.*

The terms of the agreement at issue here are sufficiently definite. The appellant-attorney promised in his first letter that he would protect the appellee-dentist's fee out of any settlement obtained in the client's case. Admittedly, the letter fails to mention what the appellee-dentist was to do in exchange. However, the appellee-dentist treated the client, provided the appellant-attorney with reports regarding the client's injuries, and complied with the attorney's request that the appellee-dentist not discuss the client's condition without the attorney's approval. The appellee-dentist's performance makes clear what may have been unclear at the time the appellant-attorney offered to

he would not have treated the client without the appellant-attorney's assurance of fee protection. Thus, the appellee-dentist did in fact rely on the appellant-attorney's protection letter in agreeing to treat the client and in foregoing payment for treatment for eighteen months.

protect the appellee-dentist's fee: the protection was offered in exchange for the appellee-dentist's cooperation with the attorney's effort to obtain a settlement in the client's case. The trial court had a reasonably certain basis upon which to fashion an appropriate remedy. When the appellee-dentist cooperated with the appellant-attorney's requests, and the attorney obtained a settlement, but failed to protect the unpaid portion of the appellee-dentist's fee, a breach occurred. The remedy, as fashioned by the trial court, gave the appellee the benefit of the appellant's performance—payment of the dental fee.

The appellant-attorney's second contention is that, assuming that a contract existed between the appellee-dentist and the appellant-attorney, the appellant-attorney is not liable to the appellee for breaching the contract. The appellant-attorney supports his argument with several theories. First, the appellant-attorney asserts that the consideration owing from the appellee-dentist failed when the appellee-dentist requested that the client begin to make payments before a settlement was reached in the client's case, and therefore, the appellant-attorney's subsequent failure to protect the appellee-dentist's fee was not a breach of the contract. Second, the appellant-attorney contends that the client, a third party, prevented the appellant-attorney from performing as promised by withdrawing the appellant-attorney's authority to pay the appellee-dentist's fee out of the settlement fund. Lastly, the appellant-attorney argues that he is not personally liable for the non-payment because, rather than acting as a surety on a debt owed by the client to the appellee-dentist, he was acting as the client's agent and merely promised, on the client's behalf, to pay the appellee-dentist's fees out of the settlement proceeds. In reaching our conclusion that the appellant-attorney is personally liable for breaching the contract with the appellee-dentist, we address these arguments *seriatim*.

A "failure of consideration occurs when the consideration bargained for does not pass, in whole or part, to the promisor." *McGuire v. Schneider, Inc.*, 368 Pa.Super. 344,

350, 534 A.2d 115 (1987), *appeal granted* 518 Pa. 619, 541 A.2d 746, *affirmed* 519 Pa. 439, 548 A.2d 1223 (1988); *Necho Coal Co. v. Denise Coal Co.*, 387 Pa. 567, 569, 128 A.2d 771, 772 (1957). One asserting failure of consideration must show that the consideration *contemplated* was never received. *See In re Levine's Estate*, 383 Pa. 354, 358–59, 118 A.2d 741, 742 (1955) (emphasis added); *Killeen's Estate*, 310 Pa. 182, 187, 165 A. 34, 35 (1932).

The appellant-attorney argues that the parties agreed that the appellee-dentist would not attempt to collect any part of his fee for treating the client until a settlement was obtained. However, in a letter from appellant-attorney to appellee-dentist, dated August 12, 1986, the appellant-attorney reaffirms that he would retain for the appellee-dentist "from any settlement made in this case, any part of your fees for professional services which are unpaid." The appellee-dentist treated the client for eighteen months, from June of 1986 until about December of 1987, before requesting that the client begin to pay a portion of the $2,850.00 bill. In light of the appellant-attorney's own reference to "unpaid" portions of the appellee-dentist's bill in the letter of August 12, 1986, appellant-attorney's argument that the appellee-dentist's request constituted a failure of the consideration contemplated by the parties is without merit. This reference evinced the parties' understanding that a portion of the bill might be paid prior to settlement, and thus, the consideration owing to the appellant-attorney did not include the appellee-dentist's abstention from beginning to collect the fee.

The appellant-attorney's performance was not rendered impossible by the client's withdrawing the appellant-attorney's authority to pay the appellee-dentist's fee out of the settlement fund. The record indicates that the client had expressly authorized the appellant-attorney to withhold from any settlement sufficient funds to pay unpaid portions of the appellee-dentist's fees. Later, when it came time to distribute the settlement fund, the client withdrew this authorization. Rule 1.15 of the Pennsylvania Rules of

Professional Conduct, 42 Pa.C.S., addresses what an attorney should do when a dispute arises regarding distribution of funds in which a client or third person has an interest. An attorney may refuse to surrender the property to the client until the dispute is resolved. *Id.* Thus, contrary to the appellant-attorney's argument that he could not have protected the appellee-dentist's fee because ethics would not permit him to disperse the client's money without authorization, the ethical guidelines expressly permit the appellant-attorney to retain sufficient funds to protect the appellee-dentist's fee before distributing the settlement proceeds to the client.

■ Finally, the appellant-attorney was not merely acting as his client's agent in agreeing to protect the appellee-dentist's fees out of the settlement fund. An attorney may act as his client's agent and enter into contractual relationships on the client's behalf. *See Smith–Edwards–Dunlap v. Artists, U.S.A.,* 9 Pa. D & C 3d 764, *aff'd per curiam,* 263 Pa.Super. 598, 400 A.2d 625 (1978). The burden of establishing an agency lies with the party asserting it. *Girard Trust Bank v. Sweeney,* 426 Pa. 324, 231 A.2d 407 (1967). There are three elements that need be proved to show that an agency existed: "the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking, and the understanding of the parties that the principal is to be in control of the undertaking." *Scott v. Purcell,* 490 Pa. 109, 117, 415 A.2d 56, 60 (1980).

In the instant case, the client instructed the appellee-dentist to forward his bills to the appellant-attorney. The appellant-attorney promised the appellee-dentist that if a settlement was obtained in the client's personal injury action, that he (the attorney) would protect the appellee-dentist's fee out of the settlement fund. In practice, while the client is the equitable owner, the attorney maintains physical custody over settlement funds, distributes the fund according to the settlement statement, and gives the remainder to the client. The appellee-dentist contracted with

the appellant-attorney, as the appellant-attorney had physical control over the settlement fund, to protect the appellee-dentist's fee out of the settlement fund. Thus, the parties did not have an understanding that the client (the alleged principal) was to be in control of protecting the appellee-dentist's fee.

For the reasons stated above, we affirm the judgment entered in the trial court.

Judgment Affirmed.