# Houk v. Mitchell

C.P. of Lawrence County, No. 10023 of 2013

*Richard E. Flannery*, for plaintiff.
*John J. Bongivengo*, for defendants.

COX, *J.*, July 29, 2014—Before the court for disposition is the motion for summary judgment filed on behalf of the defendant Marc Mitchell t/d/b/a Keystone Arms For America, which argues the plaintiff failed to prove damages in relation to the alleged defamatory statement made by the defendant and there is a lack of consideration concerning the breach of warranty claims

as the plaintiff failed to render payment for the remaining balance owed on the firearm in question. The defendant further contends that the plaintiff is precluded from filing a claim for replevin if there was a valid contract reached between the parties as the title for the 6-inch Colt python pistol was properly transferred to the defendant and he is legally entitled to possession of the same.

On November 21, 2012, the defendant listed for auction a Colt Python 4-inch Nickel 357 Magnum revolver and it was advertised as a "wonderful collector piece that is just in pristine condition". The plaintiff won the bid on that firearm by offering $2,695.00 and as payment, the parties negotiated that the plaintiff would trade a 6-inch Colt Python 357 Magnum revolver and pay $1,372.70 in cash. On November 29, 2012, the parties met at Lone Wolf Gun Store and the defendant transferred the 4-inch Colt Python revolver to the plaintiff, who also transferred his 6-inch Colt pistol to the defendant. The cylinder on the 4-inch Colt Python revolver purchased by the plaintiff was functioning properly at that time. The defendant instructed the plaintiff on how to properly open and close the cylinder, which the plaintiff did two or three times. Several hours later, the plaintiff applied oil to the cylinder of the 4-inch Colt Python revolver and the cylinder would not close. The plaintiff contacted the defendant to discuss the problem and attempted to arrange a meeting between the parties on November 30, 2012; however, the defendant did not attend that meeting. The plaintiff decided he wanted to rescind the transaction and placed a stop payment on the check to pay the remaining balance owed to the defendant.

In response, the defendant contacted Bureau of Alcohol, Tobacco, Firearms And Explosives (hereinafter "ATF")

Agent Haggerty and informed him that the plaintiff issued the defendant a check and subsequently placed a stop payment on it. Agent Haggerty then contacted the plaintiff on December 5, 2012, and stated that the defendant reported the firearm as stolen. The plaintiff explained the situation to Agent Haggerty, who decided that the matter was not the proper subject of an ATF investigation. The plaintiff also stated that the defendant intended to call the Pennsylvania State Police concerning the firearm, but he was never contacted by any other law enforcement agency after speaking with Agent Haggerty.

The plaintiff filed suit on January 9, 2013, averring claims for breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, replevin and slander. On March 25, 2013, the defendant filed an answer and new matter averring failure of consideration concerning the claims for breach of warranty. On April 1, 2014, the defendant filed the current motion for summary judgment contending that the plaintiff failed to prove damages in relation to the alleged defamatory statement made by the defendant and there is a lack of consideration concerning the breach of warranty claims as the plaintiff failed to render payment for the remaining balance owed on the firearm in question. The defendant contends that the plaintiff is precluded from filing a claim for replevin if there was a valid contract reached between the parties as the title for the 6-inch Colt python pistol was properly transferred to the defendant and he is legally entitled to possession of the same.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been

completed. *Miller v. Sacred Heart Hospital*, 753 A.2d 829 (Pa. Super. 2000). The mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial. The summary judgment rule exists to dispense with a trial of a case or, in some matters, issues in a case, where a party lacks the beginnings of evidence to establish or contest a material issue. *Ertel v. Patriot-News Company*, 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied*, (1996), *certiorari denied*, 519 U.S. 1008 (1996).

Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. No. 1035.2. However, summary judgment is only appropriate when discovery relevant to the motion has been completed, *id.* Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspaper, Inc.*, 732 A.2d 648, 650-651 (Pa. Super. 1999)).

The moving party bears the burden of proving the non-existence of any genuine issue of material fact. *Kafando*, *supra*. A material fact, for summary judgment purposes, is

one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones, Inc.*, 756 A.2d 697 (Pa. Super. 2000); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000). The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel, supra.* The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company*, 745 A.2d 624 (Pa. Super. 1999); *Merriweather v. Philadelphia Newspaper, Inc.*, 453 Pa. Super. 464, 469-472, 684 A.2d 137, 140 (1996).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm, Inc.*, 563 Pa. 501, 752 A.2d 339 (2000); *Dean v. Commonwealth Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Comm'n*, 555 Pa. 149, 153, 723 A.2d 174, 175(1999); *Basile v. H&R Block*, 761 A.2d 1115 (Pa. Super. 20001); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company*, 746 A.2d

649 (Pa. Super. 2000).

Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile, supra*. If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation*, 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer*, 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore*, 152 Pa. Cmwlth. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 143 Pa. Cmwlth. 494, 579 A.2d 1358 (1990).

A plaintiff seeking to recover for defamation must prove the following:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion. 42 Pa.C.S.A. § 8343(a).

In order for a statement to be published, it must be communicated to a third party. *Davis v. Resources for Human Development, Inc.*, 770 A.2d 353, 358 (Pa. Super. 2001)(citing *Elia v. Erie ins. Exchange*, 430 Pa. Super. 382, 634 A.2d 657, 660 (1993)). A plaintiff must also prove special damages, unless that plaintiff can establish a claim for slander per se, which nullifies the requirement to prove special damages. *Walker v. Grand Cent. Sanitation, Inc.*, 430 Pa. Super. 236, 242, 634 A.2d 237, 246-247 (1993). Slander per se includes publications that impute "(a) a criminal offense...(b) a loathsome disease...(c) matter incompatible with his business trade, profession, or office...or (d) serious sexual misconduct." Restatement (Second) Torts § 570, *See also Brinich v. Jencka*, 757 A.2d 388 at 397 (Pa. Super. 2000). It must be emphasized that a plaintiff asserting a claim for slander per se must prove general damages or actual harm caused by the publication. *Walker*, 430 Pa. Super. at 244, 634 A.2d at 250. The plaintiff in a slander per se case must establish general damages or, in other words, the plaintiff must establish proof of actual harm caused by the publication. *Haltzman v. Brill*, 29 Pa.D.&C 4th 356, 363-364 (Pa. Com. Pl. 1995) (citing *Walker*, 430 Pa. Super, at 244, 634 A.2d at 249-250). Hence, the plaintiff must prove that someone thought less of him or her because of the publication and a mere emotional response to the publication by the plaintiff is insufficient to establish general damages. *Id.*, 29 Pa.D.&C 4th at 364. The *Haltzman* Court stated,

"Pennsylvania no longer recognizes presumed damages in defamation cases, but instead requires a showing of 'general damages,' that is, 'proved, actual harm caused to the reputation of the person defamed.'" *Id.*, 29 Pa.D.&C 4th at 365 (quoting Restatement (Second) of Torts § 621). "Actual harm includes "impairment of reputation and standing in the community, ...personal humiliation, and mental anguish and suffering." *Brinich*, 757 A.2d at 397 (quoting Restatement (Second) of Torts § 621 comment b; *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)).

In the case *sub judice*, the evidence demonstrates that the defendant contacted Agent Haggerty to determine if he could pursue criminal charges against the plaintiff as he placed a stop payment on a check used to pay the remaining balance owed on the 4-inch Colt Python pistol. Under the prevailing law concerning defamation, the defendant clearly published that statement to a third party in the form of Agent Haggerty by stating that the plaintiff placed a stop payment on the check and inquiring into whether he was guilty of theft for doing so. This statement may be defamatory in that it imputes that the plaintiff may have committed a crime as the defendant was attempting to pursue criminal charges for theft based upon the plaintiff's actions. This caused Agent Haggerty to contact the plaintiff in an investigation into the matter, which ultimately led to his decision that he would not pursue the matter any further. It is also obvious that the meaning of the defendant's statements were understood and pursued by Agent Haggerty as he contacted the plaintiff to further investigate the theft claims by the defendant.

However, the plaintiff has not averred any manner of special damages as he claims that the statement by the

defendant is slander per se. The court has also determined this may be slander *per se* as the defendant clearly imputed that the plaintiff committed the crime of theft by placing a stop payment on the check he issued to pay the remaining balance for the firearm. Thus, the plaintiff was merely required to prove general damages or "actual harm", which means that his reputation in the community was harmed, he suffered personal humiliation or mental anguish. The plaintiff testified in his deposition that he did not suffer any monetary damage as a result of the publication from the defendant to Agent Haggerty. He also stated that his character in the community has not been affected by this incident. However, he was upset and felt like it was an insult as he does not conduct business in that manner. The plaintiff's testimony does not indicate that he was damaged in any manner as he did not suffer any form of humiliation from speaking with Agent Haggerty, who quickly decided that he was not going to pursue the investigation any further. In addition, the statement was never communicated to any other member of the plaintiff's community, so he was not subjected to diminution of his reputation in the community. Although, the plaintiff was upset by the defendant's statements to Agent Haggerty, it does not appear that the plaintiff's discontent rose to the level of mental anguish. The plaintiff has failed to establish that he suffered general damages as he is required to prove a claim for slander *per se*. Therefore, the plaintiff's claim for slander in count V is dismissed.

Next, the defendant contends that there is failure of consideration concerning the breach of warranty claims as the plaintiff failed to render payment for the remaining balance owed on the firearm in question.

"A cause of action for breach of contract must be

established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (citing *Gen. State Auth. v. Coleman Cable & Wire Co.*, 27 Pa. Cmwlth. 385, 365 A.2d 1347,1349 (1976)). A plaintiff must prove the existence of a contract by demonstrating there was an offer, acceptance and consideration. *Mundie v. Christ United Church of Christ*, 987 A.2d 794, 801 (Pa. Super. 2009) (citing *Hatbob v. Brown*, 394 Pa. Super. 234, 575 A.2d 607, 613 (1990)). "Failure of consideration occurs where the consideration bargained for does not pass, either in whole or in part, to the promisor." *Necho Coal Co. v. Denise Coal Co.*, 387 Pa. 567, 569, 128 A.2d 771, 772 (1957). A party asserting the affirmative defense of failure of consideration bears the burden of demonstrating that the consideration contemplated was never received. *In re Estate of Rosser*, 821 A.2d 615 (Pa. Super. 2003) (citing *In re Estate of Beeruk*, 429 Pa. 415, 417 n. 1, 241 A.2d 755 n. 1 (1968); *Dahar v. Grzandziel*, 410 Pa. Super. 85, 599 A.2d 217, 221 (1991)). If there are no mutual promises, a contract is void for want of consideration. *Keim v. Brumbaugh*, 29 Pa. Super. 557 (Pa. Super. 1905) (citing *Ellis v. Guggenheim*, 20 Pa. 287 (1853)). "There is, however, a distinction between want and failure of consideration; want of consideration embraces transactions or instances where none was intended to pass, while failure of consideration implies that a valuable consideration, moving from obligee to obligor, was contemplated." *In re Killeen's Estate*, 310 Pa. 182, 187, 165 A. 34, 35 (1932) (citing *Meek v. Frantz*, 171 Pa. 632, 33 A. 413 (1895)).

In the current case, it is apparent that the parties reached

a contract as valid consideration was contemplated. The defendant auctioned his 4-inch Colt Python pistol that he described as a "wonderful collector piece that is just in pristine condition", which was bid upon by the plaintiff. The parties agreed that the plaintiff would trade his 6-inch Colt Python pistol and $1,372.70 for the 4-inch Colt Python pistol. The parties met at Lone Wolf Gun Store to transfer the firearms. At that time, the defendant instructed the plaintiff on how to properly open and close the cylinder on the 4-inch Colt Python. Once the plaintiff returned to his residence, he attempted to lubricate the firearm by opening the cylinder and, subsequently, he was unable to close the cylinder. He attempted to organize a meeting with the defendant concerning the alleged defect with the firearm, but the defendant would not meet with him. In response, the plaintiff placed a stop payment on the check utilized to pay the remaining $1,372.70 balance owed to the defendant. The plaintiff now seeks to recover on claims for breach of express warranty, breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. The defendant claims that the plaintiff is prohibited from asserting these claims as a valid contract did not exist due to failure of consideration.

It appears as though the defendant is attempting to argue that the contract is void due to failure of consideration. However, the prevailing case law in this area indicates that contract is void if there is a meritorious claim for want of consideration, which is a transaction where there was no adequate consideration negotiated to exchange hands. In the current matter, it is obvious that valid consideration was contemplated by the parties and they agreed that consideration would change hands in performance of

the contract. Hence, a valid contract was formed as there was an offer, acceptance and consideration. Failure of consideration does not render the contract in question void and the plaintiff still has access to his claims for the defendant's alleged breach of warranties. Moreover, there remains questions of fact as to whether the defendant breached the warranties and whether the plaintiff was permitted to withhold payment pursuant to the uniformed commercial code concerning the allegedly defective condition of the 4-inch Colt Python firearm. Therefore, the defendant's motion for summary judgment regarding Counts I-III is denied.

The defendant's final argument is that the plaintiff is precluded from filing a claim for replevin if there was a valid contract reached between the parties as the title to the 6-inch Colt Python pistol was properly transferred to the defendant and he is legally entitled to possession of the same.

The purpose for an action in replevin is to regain possession of goods and to recover damages for their detention, which is the result of an illegal act by the defendant. *International Electronics Co. v. N.S.T. Metal Products Co.*, 370 Pa. 213, 217, 88 A.2d 40,42 (1952). "In order to maintain replevin, the plaintiff must have a general or special property right in the thing taken or detained." *Id.*, 370 Pa. at 217, 88 A.2d at 42-43. The plaintiff must demonstrate that he has title and the right to immediate possession of the property. *Id.*, 370 Pa. at 218, 88 A.2d at 43. "The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another." *Valley Gypsum Co., Inc. v. Pennsylvania State Police*, 135 Pa. Cmwlth. 548, 553, 581 A.2d 707, 710 (1990). The value

of the property may only be recovered when delivery of the property cannot be obtained. *Id.* "The primary relief sought is the return of the property itself, the damages being merely incidental." *Id.*

As stated previously, a valid contract was reached, between the parties as there was an offer, acceptance and adequate consideration. In furtherance of that contract, the parties agreed to trade firearms and the plaintiff was required to pay $1,372.70. The parties went to Lone Wolf Gun Store and transferred the firearms. The plaintiff also tendered a check for $1,372.70. When the plaintiff returned home and attempted to lubricate the cylinder on the 4-inch Colt Python, the cylinder would not close. He contracted the defendant and tried to organize a meeting to discuss the issue. At that time, the defendant refused to meet with him. In response, the plaintiff placed a stop payment on the check. The plaintiff is now asserting a claim for replevin attempting to regain possession of the 6-inch Colt pistol he transferred to the defendant. However, this is not a proper case for an action in replevin as the defendant has lawful possession of the 6-inch Colt pistol because it was transferred in performance of a valid contract and it was properly registered in his name. There is no indication that the defendant is wrongfully possessing that firearm and it has not been determined whether the defendant actually breached the warranties as claimed by the plaintiff. Unless it is determined that the defendant breached the underlying contract, he is in lawful possession of the 6-inch Colt pistol. Moreover, the plaintiff has the ability to recover monetary damages to sufficiently remedy his breach of warranty claims and an action in replevin is merely utilized to determine title and regain property. Thus, the defendant's motion for summary judgment concerning court IV of the

complaint is granted and the plaintiffs claim for replevin is dismissed.

For the reasons set forth in this opinion, the defendant's motion for summary judgment is granted in part and denied in part. The defendant's motion for summary judgment is granted concerning counts IV and V of the complaint and those claims are dismissed. Conversely, the defendant's motion for summary judgment is denied regarding counts I through III of the complaint.

## ORDER OF COURT

Now this 29th day of July, 2014, this case being before the court on June 30, 2014, for oral argument on the motion for summary judgment filed by the defendant, with both parties appearing through counsel, the plaintiff Donald Houk, represented through counsel, Richard E. Flannery, Esquire and the defendant Marc Mitchell t/d/b/a Keystone Arms For America, represented through counsel, John J. Bongivengo, Esquire and after a consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the motion for summary judgment is hereby granted in part and denied in part.

2. The motion for summary judgment regarding count I — breach of express warranty, count II — breach of implied warranty of merchantability and count III — breach of implied warranty of fitness for a particular purpose is hereby denied.

3. The motion for summary judgment regarding count

IV — replevin and count V — slander is hereby granted.

4. Count IV — replevin and count V — slander of the complaint are hereby stricken from the complaint and dismissed with prejudice.

5. The prothonotary is directed to serve a copy of this order of court and accompanying opinion upon counsel of record, Richard E. Flannery, Esquire and John J. Bongivengo, Esquire.