J-S10016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KANSIS NETH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RANDOLPH W. WRIGHT, SR., | : | |
| RANDOPLH W. WRIGHT, JR., AND | : | |
| SYLVIA J. FOOR | : | |
| | : | |
| | : | No. 1269 WDA 2023 |

Appeal from the Order Entered October 3, 2023
In the Court of Common Pleas of Fayette County
Civil Division at No(s):  326 of 2023 G.D.

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: July 24, 2024**

Appellant, Kansis Neth, appeals from the order entered in the Fayette County Court of Common Pleas, which sustained the preliminary objections filed by Appellees, Randolph W. Wright, Sr., Randolph W. Wright, Jr., and Sylvia J. Foor.  We affirm in part, reverse in part, and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. Ms. Foor is the mother of Mr. Wright, Sr.  Ms. Foor is also the grandmother of Ms. Neth and Mr. Wright, Jr.  Ms. Foor owned real property located at 165 Mt. Vernon Road in Grindstone ("the property").  On December 4, 2006, Ms. Foor applied for a permit to place a mobile home on the property.  Ms. Neth was to live in the mobile home.  According to Ms. Neth, in 2007, she and Ms. Foor

entered into a verbal agreement whereby Ms. Foor would transfer the property to Ms. Neth. (*See* Amended Complaint, filed 5/5/23, at ¶10). In exchange, Ms. Neth would have the property surveyed, pay property taxes, and pay for "building permits and fees associated with placing a home on the parcel since it was vacant land." (*Id.*) Thereafter, Ms. Neth lived in the mobile home on the property. Ms. Neth paid taxes and made improvements to the property, including the installation of telephone and electric poles, a sewer line, and a well. (*Id.* at ¶¶11-27). Despite Ms. Neth's actions, Ms. Foor transferred the property to the Wrights in 2022. (*Id.* at ¶¶28-29).

On February 17, 2023, Ms. Neth filed a complaint against Ms. Foor and the Wrights. Ms. Foor and the Wrights filed preliminary objections on April 12, 2023. On May 5, 2023, Ms. Neth filed an amended complaint. The amended complaint included adverse possession and unjust enrichment claims against the Wrights, a breach of contract claim against Ms. Foor, and a specific performance claim against Ms. Foor and the Wrights. Ms. Foor and the Wrights separately filed preliminary objections to the amended complaint on May 22, 2023. On September 1, 2023, the court conducted oral argument. At that time, Ms. Neth withdrew her adverse possession claim. (*See* N.T. Oral Argument, 9/1/23, at 3). On October 3, 2023, the court issued its opinion and order sustaining all remaining preliminary objections and dismissing Ms. Neth's amended complaint.

Ms. Neth timely filed a notice of appeal on October 24, 2023. On

October 26, 2023, the court ordered Ms. Neth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Ms. Neth timely filed her Rule 1925(b) statement on November 9, 2023.

Ms. Neth now raises two issues for our review:

> Whether the trial court committed an error of law and abuse of discretion in determining that all elements of an oral contract were not established as it relates to [Appellee], Sylvia J. Foor.

> Whether the trial court committed an error of law and/or abuse of discretion when it dismissed [Ms. Neth's] complaint in civil action as to [Ms. Neth's] claim for unjust enrichment despite [Ms. Neth] making both physical and financial improvements to the real property in dispute where [the] Wrights received a substantial passive benefit to the real property.

(Ms. Neth's Brief at 5) (capitalization omitted).

In her first issue, Ms. Neth argues that her oral agreement with Ms. Foor included the essential elements necessary to establish a contract. Ms. Neth avers that Ms. Foor offered to transfer the property if Ms. Neth paid taxes on the property, had the property surveyed, and paid for permits. Ms. Neth asserts that she accepted this offer and paid taxes from 2007 until Ms. Foor transferred the property to the Wrights. Ms. Neth contends that her tax payments represented adequate consideration for the contract. Ms. Neth complains that she would not have paid the taxes or relocated her mobile home onto the property but for Ms. Foor's promise to transfer the property to her. Ms. Neth also claims that the improvements she made to the property demonstrated the existence of a valid contract.

Ms. Neth concedes that the parties did not memorialize the oral agreement in a writing.[1] Nevertheless, Ms. Neth contends that she detrimentally relied on Ms. Foor's promise to transfer the property. Ms. Neth insists that Ms. Foor subsequently breached the oral agreement by transferring the property to the Wrights. Under these circumstances, Ms. Neth concludes that the court erred in sustaining the preliminary objections and dismissing the breach of contract count in the amended complaint. We disagree.

The following principles govern our review of an order sustaining preliminary objections:

> Our standard of review mandates that on an appeal from an order sustaining preliminary objections which would result in the dismissal of suit, we accept as true all well-pleaded material facts set forth in the [a]ppellant's complaint and all reasonable inferences which may be drawn from those facts. This standard is equally applicable to our review of [preliminary objections] in the nature of a demurrer.

---

[1] "The Statute of Frauds instructs that a purported transfer of an ownership interest in real property is not enforceable unless evidenced in writing and signed by the [party] granting the interest." *Zuk v. Zuk*, 55 A.3d 102, 107 (Pa.Super. 2012) (quoting *Trowbridge v. McCaigue*, 992 A.2d 199, 201 (Pa.Super. 2010)). Ms. Neth, however, relies on *Empire Properties, Inc. v. Equireal, Inc.*, 674 A.2d 297, 302 (Pa.Super. 1996), for the proposition that "[t]he Statute of Frauds does not void those oral contracts relating to land which fail to comply with the Statute's formal requirements. It is to be used as a shield and not as a sword, as it was designed to prevent frauds, not to encourage them." Consequently, Ms. Neth maintains: "One who holds an oral contract for the conveyance of real estate is not entitled to specific performance due to the Statute of Frauds; the plaintiff may seek damages, but the measure of those damages is limited to the money that was paid on account of the purchase and the expenses incurred on the faith of the contract." (Ms. Neth's Brief at 10).

> Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review for merit and correctness—that is to say, for an abuse of discretion or an error of law. This case was dismissed at the preliminary objections stage on issues of law; our scope of review is thus plenary.

*Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1099 (Pa.Super. 2000), *appeal denied*, 567 Pa. 751, 788 A.2d 381 (2001) (internal citations omitted) (quoting *Donahue v. Federal Express Corp.*, 753 A.2d 238, 241 (Pa.Super. 2000)).

The following principles govern a breach of contract claim:

> A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. While not every term of a contract must be stated in complete detail, every element must be specifically pleaded. Clarity is particularly important where an oral contract is alleged.

*Pennsy Supply, Inc. v. American Ash Recycling Corp. of Pennsylvania*, 895 A.2d 595, 599 (Pa.Super. 2006), *appeal denied*, 589 Pa. 722, 907 A.2d 1103 (2006) (internal citations and quotation marks omitted).

"Whether oral or written, a contract requires three essential elements: (1) mutual assent; (2) consideration; and (3) sufficiently definite terms." *Glover v. Junior*, 306 A.3d 899, 911 (Pa.Super. 2023) (*en banc*), *appeal granted*, ___ Pa. ___, 314 A.3d 815 (2024). "The essential terms that must

be identified and agreed to in order to form a valid contract for the sale of real estate are the naming of the specific parties, property, and consideration or purchase price." ***GMH Associates, Inc. v. Prudential Realty Group***, 752 A.2d 889, 900 (Pa.Super. 2000), *appeal denied*, 568 Pa. 663, 795 A.2d 976 (2000).

> An agreement is an enforceable contract wherein the parties intended to conclude a binding agreement and the essential terms of that agreement are certain enough to provide the basis for providing an appropriate remedy. If the essential terms of the agreement are so uncertain that there is no basis for determining whether the agreement has been kept or broken, there is not an enforceable contract.

***United Environmental Group, Inc. V. GKK McKnight, LP***, 176 A.3d 946, 963 (Pa.Super. 2017) (quoting ***Linnet v. Hitchcock***, 471 A.2d 537, 540 (Pa.Super. 1984)). ***See also Greene v. Oliver Realty, Inc.***, 526 A.2d 1192 (Pa.Super. 1987), *appeal denied*, 517 Pa. 607, 536 A.2d 1331 (1987) (explaining that where parties include essential term but have expressed their intention ambiguously, contract may fail for indefiniteness).

Instantly, the trial court examined the averments in Ms. Neth's amended complaint and determined that she did not sufficiently establish the essential terms of the oral contract:

> Here, the oral agreement allegedly included a provision that [Ms. Neth] was to pay property taxes, have the land surveyed, and pay for any permits required to place a mobile home on the property. However, there is nothing as to when [Ms.] Foor would transfer the property. In fact, it appears from the Amended Complaint that [Ms. Neth] resided on the property for 15 years, paying taxes all the while, but never approached [Ms.] Foor in that time about

finalizing the transfer of the property. The instigating incident for this action was the actual transfer of the property to someone else, and not [Ms.] Foor's refusal to uphold her side of the alleged agreement. Therefore, it could be inferred that, but for the transfer, [Ms. Neth] would have continued residing on the property and paying the taxes indefinitely. Based on the Amended Complaint, there cannot have been a mutual understanding of the parties as to consideration when the alleged terms are so vague. [Ms. Neth's] Amended Complaint does not plead the minimum essential terms for the existence of a contract….

(Opinion and Order, filed 10/3/23, at 5) (internal footnote omitted). On this record, we cannot say the court committed an error of law or abused its discretion in reaching this conclusion.

In the amended complaint, Ms. Neth claimed that she entered into an oral contract with Ms. Foor for the transfer of the property. Ms. Neth insisted that Ms. Foor would transfer the property "in exchange for [Ms. Neth] making improvements to the property and paying the property taxes[.]" (Amended Complaint at ¶43). Nevertheless, Ms. Neth did not provide a timeframe for the transfer, the duration of her commitment to pay taxes, or the specific improvements needed to effectuate the transfer of the property. Because the parties left these terms of the oral agreement uncertain, the court appropriately concluded that there was no way to determine whether the agreement had been broken. *See United Environmental Group, Inc., supra*. *See also Linnet, supra* (explaining that essential terms of oral contract between camp owner and lessees were too uncertain to permit enforcement of contract, where parties gave conflicting testimony regarding

duration for use of premises and manner of allocation of overhead expenses). Thus, the alleged oral contract lacked the essential element of sufficiently definite terms. *See Glover, supra*. Accordingly, we cannot say that the court abused its discretion or committed an error of law by sustaining Ms. Foor's preliminary objections to the breach of contract claim. *See Marks, supra*.

In her second issue, Ms. Neth contends that she made substantial improvements to the property. Ms. Neth claims that the Wrights were aware of these improvements, and it is unjust for the Wrights "to benefit from the vast physical improvements to the property which cost [Ms. Neth] thousands of dollars…." (Ms. Neth's Brief at 17). Ms. Neth urges that she is "entitled to recoup fair value for the amount she paid for improvements and taxes since 2007." (*Id.*) Ms. Neth concludes that the court erred in sustaining the preliminary objections and dismissing the unjust enrichment count in the amended complaint. We agree.

The following principals govern an unjust enrichment claim:

A claim for unjust enrichment arises from a quasi-contract. A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but **in spite of the absence of an agreement**, when one party receives unjust enrichment at the expense of another.

The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual

- 8 -

circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.

*Vacula v. Chapman*, 230 A.3d 431, 437 (Pa.Super. 2020) (quoting *Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa.Super. 2008) (cleaned up, emphasis added)). "In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied." *Meehan v. Cheltenham Tp.*, 410 Pa. 446, 449, 189 A.2d 593, 595 (1963).

Instantly, the amended complaint averred that the Wrights obtained benefits from Ms. Neth's improvements to the property, and it would be unconscionable to allow them to retain those benefits without making restitution to Ms. Neth. (*See* Amended Complaint at ¶¶40-41). These allegations are sufficient to state a *prima facie* case of unjust enrichment. *See Vacula, supra*. *See also Zvonik v. Zvonik*, 435 A.2d 1236, 1241 (Pa.Super. 1981) (stating evidence demonstrated that mother orally promised to give house to son if he moved into house and cared for mother; despite son's expenditure of time and money to improve premises, mother conveyed house to daughter-in-law, who transferred house to her own son; while daughter-in-law and her son did not wrongfully secure property, they "passively received a benefit" that would be unconscionable to retain). Thus, the trial court erred in sustaining the Wrights' preliminary objections and dismissing the unjust

enrichment count in the amended complaint.[2]  **See Marks, supra**.  Based upon the foregoing, we reverse that portion of the October 3, 2023 order that dismissed the unjust enrichment count in Ms. Neth's amended complaint.  We affirm the order in all other respects, and we remand the matter for litigation of the unjust enrichment claim.

Order affirmed in part and reversed in part.  Case remanded for further proceedings.  Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/24/2024

---

[2] In its opinion, the trial court sustained the Wrights' preliminary objection to the unjust enrichment claim because Ms. Neth "had not adequately pleaded the existence of an oral agreement since the essential element of consideration is vague, and there cannot have been a meeting of the minds." (Opinion and Order at 4).  We reiterate, however, that "the doctrine of unjust enrichment does not require as a *sine qua non* to its implementation … the establishment of a contractual relationship."  **Zvonik, supra** at 1240 n.4.